

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Phillips v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4509

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Phillips v. Atty Gen USA" (2008). *2008 Decisions.* Paper 855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4509
_____

LEON EMANUEL PHILLIPS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A37 453 263)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2008

RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: July 11, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Leon Phillips petitions for review of a Board of Immigration Appeals ("BIA")

decision vacating the Immigration Judge's ("IJ") grant of a discretionary waiver from

deportation under 8 U.S.C. § 1182(c), former § 212(c) of the Immigration and Nationality

Act.  We will deny the petition for review.

Phillips is a native and citizen of Jamaica.  He entered the United States in 1980 as a lawful permanent resident when he was nine years old.  In 1992, Phillips was convicted in New Jersey state court of possession of marijuana with intent to distribute within 1,000 feet of a school.  In 1993, the Immigration and Naturalization Service issued an order to show cause charging that Phillips was subject to deportation because he was convicted of violating a law relating to a controlled substance and because he was convicted of an aggravated felony, as defined by the Immigration and Nationality Act.

Phillips conceded his conviction, but he denied that he was deportable as charged and moved to terminate the proceedings.  On May 5, 1995, the IJ denied Phillips' motion to terminate, ruling that Phillips was not an aggravated felon because he was not sentenced to five or more years in prison, but holding that he was deportable for violating a law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Phillips applied for a waiver from deportation under former § 212(c) of the Immigration and Nationality Act.  On May 9, 1995, the IJ held a hearing on the merits of the application.  On September 25, 1996, the IJ issued a "Memorandum Temporary Order" holding Phillips' proceedings in abeyance pending a decision by the Attorney General or the Supreme Court addressing whether the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, precluded Phillips from seeking a waiver.

2

On June 27, 1997, the IJ ordered Phillips' deportation, concluding that he was ineligible for a waiver under a recent decision by the Attorney General. Phillips appealed, arguing that he was eligible for a waiver and that his application should have been considered on the merits. It appears that the BIA remanded the matter to the IJ to consider Phillips' application on the merits after the Supreme Court decided I.N.S. v. St. Cyr, 533 U.S. 289 (2001), under which Phillips was eligible for a waiver.[1]

In 2003, after a hearing, the IJ granted Phillips' application for a § 212(c) waiver. The IJ found Phillips' situation in 2003 "completely different" from his situation in 1995. The IJ explained that Phillips was now married, had a daughter and a stepdaughter, had steady employment, and had been rehabilitated completely. The IJ recognized that Phillips was arrested in 1997 for possession of marijuana, but stated that the charges were disposed of under New Jersey's disorderly offense statute, and that he had avoided any other problems. The IJ stated that Phillips has been a lawful permanent resident since he was nine years old, that he had no family in Jamaica, and that he had matured and understood his obligations as an adult. The IJ also noted that Phillips was trying to obtain legal custody of his daughter, whose mother was unstable. The IJ expressed concern about the care of Phillips' daughter if he were removed.

The Government appealed, and the BIA vacated the grant of a waiver. The BIA

---

[1]The remand order and the June 27, 1997, deportation order are not included in the administrative record. Although the BIA returned the record to the IJ on March 31, 2000, to supply the June 27, 1997, decision, it was apparently not provided.

found that the record supported the IJ's determination that Phillips had been rehabilitated, but concluded that the equities in the case were not sufficiently unusual or outstanding to outweigh the serious negative factors of Phillips' criminal conviction for possessing drugs with the intent to sell them near a school and his subsequent conviction for possession of marijuana.[2]  This petition for review followed.

We must first address our jurisdiction to entertain Phillips' petition for review. The Government argues that we lack jurisdiction to review the BIA's discretionary denial of a waiver.  Phillips, however, does not challenge the discretionary denial of relief. Rather, he raises two legal arguments for our review.  Although the Government further argues that we lack jurisdiction because Phillips is a criminal alien, we have jurisdiction to consider Phillips' constitutional claims and questions of law.  See Kamara v. Attorney General, 420 F.3d 202, 210 (3d Cir. 2005).  The Government's motion and renewed motion to dismiss the petition for review for lack of jurisdiction are denied.

Phillips primarily argues in his petition for review that his conviction is not an aggravated felony.  Although the IJ described Phillips as an aggravated felon in his 2003 decision on the waiver application, as noted above, on May 5, 1995, the IJ ruled that Phillips is not an aggravated felon because he was not sentenced to five or more years in prison.  A.R. at 339-42.  The IJ held that Phillips is deportable for violating a law relating

---

[2]One board member dissented, stating that Phillips showed sufficient equities to overcome his convictions, and that she would affirm the IJ's favorable exercise of discretion.

to a controlled substance, other than a single offense involving possession for one's own use of 30 grams of less of marijuana. The IJ reaffirmed this ruling at the May 9, 1995, merits hearing. A.R. at 168-70. The administrative record does not reflect that the IJ amended this decision. In any event, we need not decide whether Phillips' conviction constitutes an aggravated felony. Phillips was found deportable pursuant to 8 U.S.C. § 1251(a)(2)(B) (now § 1227(a)(2)(B)) for a controlled substance violation, and he does not dispute that he is deportable on this basis.[3]

Phillips also argues that the BIA improperly reviewed the IJ's decision de novo, and that the BIA should have applied a clearly erroneous standard of review. We disagree. The applicable regulations provide that the BIA may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii). Although a clearly erroneous standard applies to the IJ's factual findings, 8 C.F.R. § 1003.1(d)(3)(i), the BIA did not disagree with the IJ's factual findings. Rather, the BIA concluded that Phillips had not shown that unusual or outstanding equities offset the seriousness of his convictions and warranted a discretionary grant of a waiver.

Accordingly, we will deny the petition for review.

---

[3]It is also not clear that we would have jurisdiction to entertain Phillips' argument that he is not an aggravated felon because he may have waived the issue in the administrative proceedings. Phillips does not appear to have challenged his deportability after the IJ issued its June 27,1997, order of deportation. He only argued that he was eligible for a waiver. Phillips did raise an issue as to his deportability in response to the Government's appeal of the IJ's grant of a waiver. The Government argued that the issue was not properly before the BIA, and the BIA did not address the issue in its decision.